# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| SUSAN GOSSETT, | : |
|     Plaintiff, | : |
| v. | :    CASE NO.: 7:24-CV-00067 (WLS) |
| JIUDICY INC d/b/a LABOR FINDERS, | : |
|     Defendant. | : |

## ORDER

Defendant Jiudicy Inc. d/b/a Labor Finders moves for oral argument on its Motion for Summary Judgment. (Doc. 22 at 1.) The Court isn't required to hold a hearing on a motion for summary judgment. *L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 n.9 (11th Cir. 1995). Indeed, the Court rarely holds hearings on summary-judgment motions. And Jiudicy offers no particularized reason why one would be helpful or necessary here. (*See* Doc. 22 at 1.) So the Court defers ruling on the Motion for Oral Argument until after its full review of the pending Motion for Summary Judgment. If after review, the Court finds a hearing necessary, it will notice one.

Given the timing, it seems that Jiudicy filed its Motion for Oral Argument in lieu of a reply. But there is no guarantee of a hearing. Therefore, the Court allows Jiudicy more time to reply to the arguments in Plaintiff Susan Gossett's Response. The reply must be submitted no later than **Thursday, August 21, 2025**. In its reply, the Court expects Jiudicy to refer to any controlling Eleventh Circuit authority.

Jiudicy may use its reply how it wishes. But the Court suggests that it at least address two questions:

(1) Is Gossett's testimony—without corroborating medical evidence—sufficient to create a genuine dispute of fact whether she had a disability within the meaning of the ADA?

(2) Is Gossett required to show that she was actually entitled to FMLA leave to prevail on her FMLA retaliation claim?

**SO ORDERED**, this 8th day of August 2025.

                                           **/s/ W. Louis Sands**
                                           **W. LOUIS SANDS, SR. JUDGE**
                                           **UNITED STATES DISTRICT COURT**