**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

SUSAN GOSSETT,                                              :
                                                           :
    Plaintiff,                                         :
                                                           :
v.                                                         :          CASE NO.:  7:24-CV-00067 (WLS)
                                                           :
JIUDICY INC d/b/a                                          :
LABOR FINDERS,                                             :
                                                           :
    Defendant.                                        :
                                                           :
_____                            :

**ORDER**

    The Court held a pretrial conference in the above-captioned matter on July 15, 2026. This Order memorializes that conference.

    First, the Court inquired about the status of the designations of deposition testimony and memoranda in opposition filed by both Parties. (Docs. 30, 31, 32, & 33). The Parties indicated that all issues regarding witness availability and use of deposition testimony at trial had been resolved.

    Second, the Court discussed the pending Motions in Limine. (Docs. 40 & 41). The true purpose of a motion in limine is to avoid the introduction of evidence at trial that is "clearly inadmissible on all potential grounds" and could irretrievably impact the fairness of trial. *Royal Marco Point 1 Condo. Ass'n v. QBE Ins.*, No. 2:07-cv-16, 2011 WL 470651, at *2 (M.D. Fla. Feb. 2, 2011) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). But the context at trial often determines the admissibility of evidence and, for this reason, "i[n] limine rulings to admit or exclude evidence are always preliminary and conditioned on what the evidence shows at trial." *Ohler v. United States*, 529 U.S. 753, 757 n.3 (2000). Furthermore, a trial court can promptly instruct a jury to disregard improper testimony or inadmissible evidence, and "[i]n many such cases the jury can and will follow the trial judge's instructions to disregard such information." *United States v. Astling*, 733 F.2d 1446, 1455 (11th Cir. 1984); *United States v. Fuentes*, 521 F. App'x 911, 911 (11th Cir. 2013). A motion in limine ruling has no impact on counsel's duty to

make proper and contemporaneous objections at trial as to any evidence or argument they consider inadmissible or improper. *See Cephus v. CSX Transp., Inc.*, 771 F. App'x 883, 894–95 (11th Cir. 2019). Accordingly, the Court **ORDERED** the Parties to file any Response to the pending Motions in Limine by no later than **Monday, July 20, 2026.**

Third, the Court scheduled the trial to begin **Monday, August 3, 2026**.

**SO ORDERED**, this 15th day of July 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**