**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| SUSAN GOSSETT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.:  7:24-CV-00067 (WLS) |
| | : | |
| JIUDICY INC d/b/a | : | |
| LABOR FINDERS, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| _____ | : | |

## **ORDER**

Before the Court is Defendant Jiudicy, Inc.'s Motions in Limine ("Motion") and Objection to Plaintiff's Witnesses and Exhibits ("Objection"). (Doc. 40). The Court held a pretrial conference in this case on July 15, 2026. (Doc. 43). At the conference, Plaintiff and Defendant indicated a desire for a speedy resolution of any motions in limine. Plaintiff responded to the Motion on July 20, 2026. (Doc. 45).

The true purpose of a motion in limine is to avoid the introduction of evidence at trial that is "clearly inadmissible on all potential grounds" and could irretrievably impact the fairness of trial. *Royal Marco Point 1 Condo. Ass'n v. QBE Ins.*, No. 2:07-cv-16, 2011 WL 470651, at *2 (M.D. Fla. Feb. 2, 2011) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). But the context at trial often determines the admissibility of evidence and, for this reason, "i[n] limine rulings to admit or exclude evidence are always preliminary and conditioned on what the evidence shows at trial." *Ohler v. United States*, 529 U.S. 753, 757 n.3 (2000). Furthermore, a trial court can promptly instruct a jury to disregard improper testimony or inadmissible evidence, and "[i]n many such cases the jury can and will follow the trial judge's instructions to disregard such information." *United States v. Astling*, 733 F.2d 1446, 1455 (11th Cir. 1984); *United States v. Fuentes*, 521 F. App'x 911, 911 (11th Cir. 2013). A motion in limine ruling has no impact on counsel's duty to make proper and contemporaneous objections at trial as to any evidence or argument they consider inadmissible or improper. *See Cephus v. CSX Transp.*,

1

*Inc.*, 771 F. App'x 883, 894–95 (11th Cir. 2019). As such, the Court disfavors motions in limine for other purposes.

Defendant seeks a ruling on six evidentiary motions, the last of which incorporates Defendant's evidentiary objections. The Court will first address the broad category the first five motions fall into and then the objections. First, Defendant requests an impartial jury and asks the Court to exclude any reference to a failure to call an equally available witness, argument for jury nullification, character evidence about the Plaintiff, and hearsay. Essentially, these are all "follow-the-law" objections requiring the Court to admit only admissible evidence relevant to the claims in the current case or asking the Court to recognize established rules of evidence. Such objections are improper. *See e.g.*, *Huddleston v. United States*, No. 2:19-CV-14048, 2019 WL 6828148, at *2 (S.D. Fla. Dec. 13, 2019). To the extent it needs to be said, the Court will conduct its voir dire to ensure an impartial jury, Parties must follow the law, and the Court will faithfully apply the applicable rules of evidence at trial. Accordingly, Defendant's motions One, Two, Three, Four, and Five are all **DENIED**, without prejudice. Defendant may raise such objections, to the extent justified, as it relates to specific testimony if offered by Plaintiff at trial.

Defendant objects to, and seeks to exclude, Plaintiff calling her treating physicians as witnesses and the admission of doctors' notes and wage documents. Defendant argues the physicians' testimony should be excluded because they were not previously disclosed as witnesses or expert witnesses. (Doc. 40-1 at 1–2). However, Plaintiff has agreed to remove the physicians from the pretrial order and not call them at trial. (Doc. 45 at 6). Accordingly, Defendant's objection to Plaintiff calling her physicians as witnesses, as incorporated in their motion in limine, is **DENIED**, as moot.

Defendant objects to the admission of doctors' notes as inadmissible hearsay and an impermissible use of lay testimony to introduce the testimony of undisclosed expert witnesses. (Doc. 40-1 at 2). The hearsay objection is another improper "follow the law" objection, which is due to be denied for the reasons discussed above. Even so, Plaintiff responded to the expert witness objection, stating she does not intend to use any lay witness as an expert witness or offer undisclosed expert opinions through lay testimony. (Doc. 45 at 4). Indeed, "[a] treating physician is not considered an expert witness if he or she testifies about observations based

2

on personal knowledge, including the treatment of the party." *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317 (11th Cir. 2011). Accordingly, the expert witness objection is **DENIED**, without prejudice.

Finally, Defendant objects to the admission of Plaintiff's wage records because they were not disclosed during discovery and constitute hearsay. The hearsay objection is another improper "follow the law" objection, which is again due to be denied for the reasons discussed above. Even so, Plaintiff responded to the disclosure argument, saying the wage records all concern the disputed issues of damages and mitigation. (Doc. 45 at 5–6). The Court will assess whether the prejudice of late disclosure is significant enough to outweigh the probative value of these records when it has the necessary context at trial. Accordingly, the disclosure objection to the wage records is **DENIED**, without prejudice.

Upon review, the Court has not identified any evidence specifically referenced which cannot be addressed effectively by contemporaneous objection, motion to exclude, or by appropriate curative or limiting instructions to the jury by the Court. Accordingly, Defendant's Motion in Limine (Doc. 40) is **DENIED**, without prejudice. Nothing in this Order, however, should be construed as limiting the Parties from raising these objections to evidence at trial, if appropriate.

The Court notes that evidence produced during discovery in response to a discovery request is considered authenticated for trial purposes as set forth in the Discovery Order (Doc. 7), unless otherwise noted upon production. The presumption of authentication does not apply to evidence not produced during discovery. The Parties are so noticed.

**SO ORDERED**, this 22nd day of July 2026.

/s/ **W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3