# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

SUSAN GOSSETT,                          :
                                        :
    Plaintiff,                      :
                                        :
v.                                      :         CASE NO.:  7:24-CV-00067 (WLS)
                                        :
JIUDICY INC d/b/a                       :
LABOR FINDERS,                          :
                                        :
    Defendant.                      :
                                        :
_____        :

## **ORDER**

Before the Court is Plaintiff's Motion in Limine (Doc. 41) ("the Motion"). The Court held a pretrial conference in this case on July 15, 2026. (Doc. 43). At the conference, Plaintiff and Defendant indicated a desire for a speedy resolution of any motions in limine. Defendant responded to the Motion on July 20, 2026. (Doc. 44).

The true purpose of a motion in limine is to avoid the introduction of evidence at trial that is "clearly inadmissible on all potential grounds" and could irretrievably impact the fairness of trial. *Royal Marco Point 1 Condo. Ass'n v. QBE Ins.*, No. 2:07-cv-16, 2011 WL 470651, at *2 (M.D. Fla. Feb. 2, 2011) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). But the context at trial often determines the admissibility of evidence and, for this reason, "i[n] limine rulings to admit or exclude evidence are always preliminary and conditioned on what the evidence shows at trial." *Ohler v. United States*, 529 U.S. 753, 757 n.3 (2000). Furthermore, a trial court can promptly instruct a jury to disregard improper testimony or inadmissible evidence, and "[i]n many such cases the jury can and will follow the trial judge's instructions to disregard such information." *United States v. Astling*, 733 F.2d 1446, 1455 (11th Cir. 1984); *United States v. Fuentes*, 521 F. App'x 911, 911 (11th Cir. 2013). A motion in limine ruling has no impact on counsel's duty to make proper and contemporaneous objections at trial as to any evidence or argument they consider inadmissible or improper. *See Cephus v. CSX Transp.,*

1

*Inc.*, 771 F. App'x 883, 894–95 (11th Cir. 2019). As such, the Court disfavors motions in limine made for other purposes.

Plaintiff seeks a ruling on four exhibits, citing Federal Rules of Evidence 401, 402, 403, 801, and 802. Plaintiff first argues that the EEOC Dismissal and Notice of Right to Sue Letter is unduly prejudicial and likely to mislead the jury. (Doc. 41 at 2). Defendant argues that Plaintiff has not made any specific reference to how this piece of evidence unfairly prejudices her. (Doc. 44 at 4). Trial is the appropriate context for the Court to determine prejudice, and Plaintiff has not demonstrated prejudice so severe that it could not be cured with instructions to the jury. Accordingly, Plaintiff's objections to this piece of evidence are premature. Plaintiff's motion as to the EEOC Dismissal and Notice of Right to Sue Letter is **DENIED**, without prejudice.

Plaintiff argues that Defendant's EEOC Position Statement should be excluded as self-serving hearsay. (Doc. 41 at 3). Defendant responded, arguing that Plaintiff's EEOC Charge of Discrimination, which both Parties have proposed as an exhibit for trial, contains self-serving hearsay from Plaintiff. (Doc. 44 at 3). Defendant goes on to propose that both position statements, each constituting self-serving hearsay, be introduced at trial on equitable grounds. (*Id.*) So the Parties and the Court may consider this proposal, Plaintiff's motion as to Defendant's EEOC Position Statement is **DENIED**, without prejudice.

Plaintiff argues that the OSHA documents are collateral and likely to confuse the jury about the issues in this case. (Doc. 41 at 3). Defendant responded, arguing that Plaintiff is the one who made an issue out of the OSHA Complaint throughout this case and that she has not agreed to remove any reference to the OSHA Complaint from any arguments she may make at trial. (Doc. 44 at 1–2). The OSHA documents appear unrelated to the claims remaining for trial and highly likely to confuse the jury. However, if Plaintiff indeed makes an issue of the OSHA Complaint at trial, it might be improper for the Court to exclude the related documents. Accordingly, Plaintiff's motion as to the OSHA documents is **DENIED**, without prejudice.

Upon review, the Court has not identified any evidence specifically referenced which cannot be addressed effectively by contemporaneous objection, motion to exclude, or by appropriate curative or limiting instructions to the jury by the Court. Accordingly, Plaintiff's

Motion in Limine (Doc. 41) is **DENIED**, without prejudice. Nothing in this Order, however, should be construed as limiting the Parties from raising these objections to evidence at trial, if justified. The Court further notes that agency actions might be admissible for certain limited purposes, notwithstanding that the jury will not consider the same for determining whether the actions or decisions of the agency were correct. In that circumstance, if otherwise permissible, the Court would give the jury an appropriate limiting instruction.

    **SO ORDERED**, this 22nd day of July 2026.

                                   **/s/ W. Louis Sands**
                                   **W. LOUIS SANDS, SR. JUDGE**
                                   **UNITED STATES DISTRICT COURT**

3